# United States District Court
## for the Northern District of Oklahoma

Case No. 21-cv-409-JDR

KATHERINE JACKSON,

*Plaintiff,*

*versus*

AMERICAN ELECTRIC POWER/PSO OKLAHOMA, CITY OF TULSA,

*Defendants.*

### OPINION AND ORDER

Plaintiff Katherine Jackson alleges that, through a series of transactions and communications, defendants American Electric Power/PSO Oklahoma and City of Tulsa negligently and willfully violated the Federal Debt Collection Practices Act, the Truth in Lending Act, and the criminal code by engaging in identify theft, fraud, and unethical debt collection practices. AEP and the City of Tulsa move to dismiss her claims, arguing that Ms. Jackson has failed to state a claim upon which relief can be granted. For the reasons set forth below, AEP and the City of Tulsa's motions to dismiss [Dkts. 14 and 19] are granted.

I

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

No. 21-cv-409

To survive dismissal, a complaint must contain enough "facts to state a claim to relief that is plausible on its face[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

When determining whether to dismiss a complaint, the court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court need not accept as true those allegations that are merely conclusory. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). Conclusory allegations without factual support do not suffice to state a valid claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The court must broadly construe the allegations made in a *pro se* complaint to determine whether the claimant has stated a claim upon which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although the court gives a generous construction of the allegations, the plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[I]f [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* However, the court is not required to accept "mere conclusions characterizing pleaded facts . . . ." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174-75 (10th Cir. 1997).

No. 21-cv-409

II

The Court first looks to Ms. Jackson's allegations that AEP and the City of Tulsa violated the Truth in Lending Act (Count I). TILA promotes the informed use of credit by enforcing meaningful disclosures to consumers. *Ford Motor Credit Co. v. Milholin*, 444 U.S. 555, 559 (1980). However, TILA exempts certain transactions from its scope, including transactions where "the Bureau determines that a State regulatory body regulates the charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment." 15 U.S.C. § 1603(4); *see also Ford Motor Credit Co.*, 444 U.S. at 559–60 (stating that Congress delegated "expansive authority to the Federal Reserve Board" in defining the legal framework for TILA). Regulation Z exempts certain credit extensions involving public utility services "provided through pipe, wire, [and] other connected facilities... if the charges ... are filed with or regulated by any governmental unit." 12 C.F.R. § 1026.3(c); *see Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 564 (3d Cir. 1999) (holding where Pennsylvania regulated utility rates, application of TILA and Regulation Z exempted the utility company from TILA authority).

Both the City of Tulsa and AEP argue that they are exempt under Regulation Z. The Court agrees. AEP and the City of Tulsa both provide services through connected facilities for public use.[1] With respect to AEP, the Oklahoma Corporation Commission has the power and authority to regulate all transmission companies in Oklahoma, including setting rates, enforcing rules, adjusting claims, and settling controversies between the companies and

---

[1] The Court takes judicial notice that AEP and the City of Tulsa provide services through pipe, wire, or other connected facilities and are public utility companies under TILA. *See* Fed. R. Evid. 201 (stating the court "may judicially notice a fact" that is "generally known" in the jurisdiction).

3

their patrons. Okla. Const. Art. 9, § 18; *see also* Okla. Stat. tit. 17 § 152(A) (2025). As for the City of Tulsa, the Tulsa Metropolitan Utility Authority sets rates which are subject to review by the Tulsa City Council. AEP and the City of Tulsa are, therefore, public utility companies within the TILA definition.

Plaintiff does not allege facts that, if true, would permit the Court to conclude that these entities are not utility companies under TILA. The Court therefore concludes that the defendants are exempt from TILA and that Ms. Jackson's allegations that defendants violated 15 U.S.C. §§ 1605(a), 1611, and 1635 cannot proceed as alleged. Therefore, Count I of Ms. Jackson's complaint is dismissed.

### III

Ms. Jackson next alleges that the defendants violated the Fair Debt Collection Practices Act by engaging in unfair practices and furnishing deceptive forms. Dkt. 12 at 4. A defendant cannot be liable for violations of the FDCPA unless the defendant "is a 'debt collector' within the meaning of the FDCPA." *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013). The FDCPA first defines a "debt collector" as an entity whose "principal purpose" for business is debt collection. *Id.*; 15 U.S.C. §1692a. The FDCPA also governs the activities of companies that "regularly" attempt to collect debts "owed or due *another*" within the meaning of debt collector. 15 U.S.C. §1692a (emphasis added); *see James*, 724 F.3d at 1316. Lenders or creditors who seek to collect their own debts are excluded from the definition of "debt collectors" under the FDCPA. *See* 15 U.S.C. §1692a(6)(F); *Larkin v. Bank of Am.*, 553 B.R. 428, 440 (Bankr. D. Kan. 2016).

In her amended complaint, Ms. Jackson alleges that defendants attempted to collect an alleged debt. But Ms. Jackson does not allege facts showing that either the City of Tulsa or AEP engaged in interstate commerce

No. 21-cv-409

for the primary purpose of collecting debts.[2] Nor do the allegations reference any attempts by defendants to collect a debt "owed or due another." *See* 15 U.S.C. §1692a. Based on the factual allegations of the amended complaint, defendants are not debt collectors and are not subject to the FDCPA. Count II of Ms. Jackson's complaint is dismissed.

IV

Ms. Jackson alleges that the defendants committed bank fraud by "[s]ending misleading statements in the mail for money" and violating 18 U.S.C. 1344. Dkt. 12 at 4. She also contends that the defendants committed fraud "using [plaintiff's] card(s) information with the intent to defraud" her in violation of 18 U.S.C. 1029. *Id.* Broadly construed, Ms. Jackson's amended complaint suggests that defendants committed identity theft under 18 U.S.C. 1028(a). *Id.* at 3. To the extent Ms. Jackson alleges violations of criminal statutes, this does not suffice to state a civil claim because no private civil cause of action exists for violations of the federal criminal code unless the statutes explicitly provide for a civil remedy. *See Kelly v. Rockefeller*, 69 Fed. App'x 414, 415 (10th Cir. 2003) (holding the district court's dismissal was correct because "the criminal statutes do not provide for private civil causes of action"); *Monge v. Nevarez Law Firm*, Case No. 2:20-cv-01118-MV-SMV, 2021

---

[2] The Court takes judicial notice that AEP and the City of Tulsa are not debt collectors. There is no allegation in the amended complaint which would qualify either defendant as a "debt collector." Because Ms. Jackson is *pro se*, the Court also considers whether any allegations in the original complaint would suffice to state a claim. There, Ms. Jackson states that the defendants use "instrumentality of interstate commerce or the mails in business the principal purpose of which is the collection or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Dkt. 2 at 3. This allegation is conclusory in nature, reciting the element of the violation without providing any facts to support the allegation itself. This cannot suffice to state a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (stating that a claim requires more than conclusions or "a formulaic recitation of the elements of a cause of action").

No. 21-cv-409

WL 2667165, at *2 (D.N.M. 2021) (dismissing with prejudice a similar *pro se* claim based on alleged violations of criminal statutes that do not provide for a specific civil remedy). Because the allegations of the amended complaint do not give rise to a private civil right of action, Ms. Jackson's claim for relief for violations of title 18, sections 1344, 1029, and 1028(a) of the U.S. code (count III) is dismissed.

V

In sum, defendants are exempt from the authority of TILA and FDCPA and cannot be sued under either of those acts. Additionally, none of the criminal statutes cited by Ms. Jackson provide for a civil cause of action. Therefore, her amended complaint [Dkt. 12] fails to state a viable claim for relief. Defendants' motions to dismiss [Dkts. 14 and 19] are granted. Plaintiff's claims are dismissed with prejudice.[3]

Dated this 17th day of March 2025.

_____
JOHN D. RUSSELL
*United States District Judge*

---

[3] As a result of this order, Ms. Jackson's motion for summary judgment [Dkt. 24] is denied as moot.